Law Office of Danielle Iredale
Danielle Iredale
California State Bar No. 304693
105 West F Street, Fourth Floor
San Diego, CA 92101
(858)775-0418
danielle.iredale@gmail.com

Attorney for Defendant, Michael Hamby

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
**(HONORABLE JOHN A. HOUSTON)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 19CR1904-02-JAH |
| Plaintiff, | |
| v. | |
| MICHAEL HAMBY | **SENTENCING MEMORANDUM** |
| Defendant. | **DATE: APRIL 4, 2022**<br>**TIME: 10:00 AM** |

## I.
## Introduction

Mr. Hamby submits the following sentencing memorandum in support of his sentencing recommendation of 240 months in custody, followed by five years of supervised release. The personal history and characteristics of Mr. Hamby and the circumstances of his offense combine to make the recommended sentence sufficient but not one day greater than necessary to accomplish the sentencing goals advanced in 18 U.S.C §3553.

//

//

## II.

## Background

Mr. Hamby deeply regrets the offense conduct in this case. He will spend the next decades repentant and seeking to become a better person and a contributing member of society upon release. Thankfully, he has caring and supportive parents (mother and stepfather) who can provide emotional support while he is in custody and who will encourage him to better himself and make use of all rehabilitative programs in the Bureau of Prisons.

Mr. Hamby does have things in his life to be proud of, including his time in the United States Marine Corps. He enlisted in 2009, at eighteen years old. He completed his first enlistment in 2013, with an honorable discharge. He deployed to Afghanistan on two occasions. During his first deployment, he was in active combat. He watched friends die and those losses have stayed acutely with him. He suffers from PTSD. He reenlisted in the USMC after his first honorable discharge in 2013, and in 2017, was stationed in Okinawa at the rank of E5. He worked in infantry, as a platoon radio man, as a first responder for chemical threats, and as an infantry squad leader. He received the National Defense Service Medal, Global War on Terrorism Service Medal, and a Combat Action Ribbon.

Mr. Hamby is motivated to participate in treatment, specifically SOMP (Sex Offender Management Program). **He respectfully requests that this Court recommend designation to a SOMP facility**, such as USP Tucson (high security) or USP Marion II (high/medium security). Mr. Hamby was previously incarcerated in the Camp Hansen Brig in Okinawa. While there, he "eagerly and faithfully attended every Wednesday night Bible study and every Friday morning Sexual Integrity & Restoration (SIR) class he could." *See Exhibits, Letter from Pastor Guerra*. Pastor Guerra provides an in-depth accounting of the way Mr. Hamby took treatment seriously and immersed himself in the programs offered.

Mr. Hamby has proven that he will benefit from treatment and that he will both seek it out and participate fully.

### III.
### Advisory Guidelines Calculations

**A. Rule 11(c)(1)(C) Plea Agreement**

Mr. Hamby entered his guilty plea in this Court on May 24, 2021. The plea agreement was made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The parties agreed that Mr. Hamby would not be sentenced to less than 240 months imprisonment and not more than 348 months imprisonment.

Mr. Hamby is requesting 240 months. Because Mr. Hamby has been in federal custody on a writ, he has not received custody credits. The Government has agreed to recommend a variance from the high-end of the guideline range to account for the amount of time Mr. Hamby has been held in custody during the pendency of these federal charges. The variance will equal his total time in custody from the execution of the writ until his date of sentencing, less the 12 months accounted for by the reduction in the previously negotiated guideline range.

Mr. Hamby has served 1,027 days in federal custody since the execution of the writ.[1] Subtracting one year from this time leaves an additional 662 days, or just under 22 months, of custody time by which the Government will reduce their recommendation. Accordingly, the amended recommendation would be 326 (or 327) months.

**B. Guidelines Calculations under the Plea Agreement**

The parties have agreed to the following calculations in the plea agreement. The Base Offense Level is 28, [USSG §2G1.3(a)(3)]. Two points are added for Care/Custody/Control of the minor [USSG §2G1.3(b)(1)]; Two points are added for Use of a Computer [USSG §2G1.3(b)(3); Two points are added for

---

[1] The Presentence Report notes that he would have served 971 days as of 2/7/22. The sentencing was continued to 4/4/22, adding an addition 56 days.

3

Commission of a Sex Act [USSG §2G1.3(b)(4)]; and Eight points are added because the offense involved a minor under 12 years old [USSG §2G1.3(b)(5)]. Three points are subtracted for Acceptance of Responsibility [USSG §3E1.1].

Mr. Hamby has 3 criminal history points, placing him in Criminal History Category II. The resulting guidelines range, using an adjusted offense level of 39, is 292-365 months. Mr. Hamby is requesting a variant sentence of 240 months. If this Court imposes 240 months, because Mr. Hamby is not receiving credit for any of the 1,027 days (just under 34 months) in federal custody, it would be the equivalent of a 273 (or 274) month sentence.

## IV.
## Sentencing under Booker and §3553

After *United States v. Booker*,[2] the United States Sentencing Guidelines are advisory only, representing but one factor among many to be considered in imposing sentence under 18 U.S.C. §3553(a). The Supreme Court has held that "it has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."[3] The personal circumstances and characteristics of Mr. Hamby make the recommended sentence sufficient but not one day greater than necessary to accomplish the sentencing goals advanced in § 3553.

This is an extremely serious case. Mr. Hamby has taken full responsibility and has waived his right to appeal pursuant to the plea agreement. He has entered into a plea agreement understanding that he will be serving decades in prison. He is nearly 31 years old, and even if sentenced to the low-end will be almost 50 years old when he is released. A sentence of 240 months reflects the seriousness of the offense, provides just punishment, and promotes respect for the law. Incarcerating

---

[2] 543 U.S. 220 (2005).
[3] *Koon v. United States*, 518 U.S. 81, 113 (1996).

4

Mr. Hamby for his 30's and 40's will provide deterrence, both specific and general, and will protect the public. He will have nearly twenty years to participate in programs and rehabilitation and his track record confirms that he takes these programs seriously.  A sentence of 20 years will allow his mother to see him on the outside for some time, whereas the longer sentence could foreclose that possibility all together.  For all the reasons mentioned herein, all information provided in the exhibits, and everything put before the Court on the date of sentencing, Mr. Hamby respectfully requests a sentence of 240 months in custody to be served concurrently with his General Court Martial Sentence.

DATE: March 25, 2022                                    Respectfully submitted,

                                                                            */s/ Danielle Iredale*
                                                                            Danielle Iredale,
                                                                            Attorney for Mr. Hamby